IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ERICA WALLER**  **PLAINTIFF**

**V.** **CAUSE NO.** 3:21–cv–00474-KHJ-MTP

**GEORGIA PACIFIC WOOD PRODUCTS, LLC**
**AND JOHN DOES (1-10)** **DEFENDANTS**

## COMPLAINT
*(Jury Trial Requested)*

COMES NOW, the Plaintiff, Erica Waller, by and through counsel, and files this, her Complaint against the above-named Defendants, and would show unto this Honorable Court as follows:

### I. PARTIES

1. Plaintiff, Erica Waller ("***Waller***"), is an adult resident citizen of and currently resides in Pearl, Rankin County, Mississippi. Plaintiff, a female, meets the definition of an "employee" under all applicable statutes at all times herein.

2. Defendant, Georgia Pacific Wood Products, LLC ("**GPWP**"), a Georgia corporation doing business in Mississippi at 13218 Highway 28 West, GP Road, Taylorsville, Mississippi 39168. Defendant, GPWP, may be served with process through its registered agent for process: CT Corporation System, 645 Lakeland Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendants John Does (1-10) are individuals, entities, or agents who are yet unknown to Plaintiff who have or may have liability in the premises as alleged herein. Plaintiff requests this Court to grant leave to amend this Complaint to add these parties when and if they are identified during discovery, and have the Amended Complaint relate

back to the original filing.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343, for the violation of Plaintiff's federal substantive and civil rights in gender discrimination, race discrimination, and retaliation. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.* ("**Title VII**"). In addition, this Court has diversity subject matter jurisdiction over Plaintiff's claims as there is complete diversity of citizenship between Plaintiff (Mississippi) and GPWP (Georgia), and the amount in controversy exceeds the jurisdictional limit of $75,000. This Court has supplemental jurisdiction over the state claims herein under 28 U.S.C. § 1367.

5. Venue is properly established before the Court pursuant to 28 U.S.C. § 1391 as Plaintiff's claims occurred or accrued in Smith County, Mississippi, which is in the Southern District of Mississippi, Northern Division.

## III. EXHAUSTION OF REMEDIES

6. Plaintiff timely filed a Charge of Discrimination against GPWP with the Equal Employment Opportunity Commission, and Plaintiff has received a notice of right-to-sue from the EEOC with regard to this action. All prerequisites to the filing of this suit have been met and complied with.

## IV. FACTS

7. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 6 above.

8. In 2008, Plaintiff began working for GPWP at the Taylorsville, MS plant. Before the wrongful conduct at issue occurred, Plaintiff successfully performed her job

[ 2 ]

duties throughout her employment with GPWP working 12-15 hour shifts without a lunch break, including earning promotions to supervisor, pay raises, increased job duties, training other male employees to be supervisors, and advancing her career.

9. At the time that Plaintiff was promoted to supervisor, she was the only black female supervisor in Defendant's Taylorsville plant. There were only approximately 50 women working at the plant at issue out of approximately 500 employees.

10. While working at GPWP's Taylorsville plant, Plaintiff trained three (3) white male employees who were promoted to the same management position as her job as supervisor. After the male employees became supervisors, Plaintiff was discriminated against because of her gender and race in the following ways:

(a) As of 6/2/20, Plaintiff was making $65,000 per year plus benefits and retirement. The white male employees that Plaintiff had trained to be supervisors were making from $75,000 to $110,000 plus benefits and retirement with less seniority.

(b) The male supervisors regularly worked and took lunch breaks and Plaintiff was never allowed lunch breaks.

(c) Plaintiff normally worked 12-15 hour shifts, whereas the white male supervisors worked regular 8 hour shifts, and on rare occasions, worked 10-12 hours.

(d) Other gender and racial discrimination to be assigned.

11. On June 2, 2020, an employee under Plaintiff's supervision, Onette Booth, was not at his designated work area. Plaintiff went to her office to report him and found him sitting in her office, using his phone. Plaintiff asked him what he was doing in her office and he charged her and grabbed her hands. Plaintiff reported these events to Defendant and resulted in her being suspended from work on June 3, 2020— while Mr. Booth was not suspended or adversely affected. On June 9, 2020, Defendant terminated

Plaintiff and replaced her with a white male. Booth was not terminated and received no reprimand for his violation of company policy.

12. These actions on the part of Defendant discriminated against Plaintiff because of her race and gender, and terminated her in retaliation.

13. As a result of this wrongful conduct by Defendant, Plaintiff has suffered loss of wages, benefits, and retirement, and will continue to sustain these damages in the future. Plaintiff has also sustained mental anguish and emotional distress as a proximate of Defendant's conduct.

### V. CAUSES OF ACTION

#### Count One
**VIOLATION OF TITLE VII – GENDER AND RACE DISCRIMINATION**

14. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 13 above.

15. Plaintiff is a female African-American employee protected under Title VII. Plaintiff is well qualified for her position at Defendant's Taylorsville plant. Defendant is an employer and covered entity under Title VII.

16. Defendant, GPWP— by and through Defendant's agents and employees and aided by its supervisors and management— has engaged in intentional discrimination against Plaintiff in the terms and conditions of her employment on the basis of her female gender and African-American race, including, but not limited to, terminating Plaintiff because of her gender/race; subjecting Plaintiff to a hostile working environment on the basis of her gender/race; denying, excluding or limiting compensation/benefits, privileges/opportunities of employment and advancement to Plaintiff based on her gender/race; unequal and disparate treatment of Plaintiff in the terms and conditions of her

employment that adversely affected her compensation/benefits, advancement, opportunities and status because of her gender/race; and other discriminatory acts described herein or to be assigned. Other male and/or non–African American employees at Defendant's Taylorsville plant were not subjected to this discriminatory and wrongful conduct.

17. During the time period at issue, Defendant, GPWP, by and through its agents and employees, subjected Plaintiff to and deliberately created a hostile work environment and intentionally discriminated against Plaintiff in the terms, conditions and privileges of her employment— all on account of Plaintiff's female sex/gender and African-American race in violation of Title VII. Plaintiff was subjected to repeated gender and race discrimination by Defendant from 2008 until she was terminated. The gender and race discrimination was so pervasive, open and obvious that a reasonable employer would have known or should have known about it, and Plaintiff's supervisors and H.R. representatives (employed by GPWP) were aware of and complicit in allowing the abusive conduct and discrimination.

18. The gender/race discriminatory hostile work environment was continuous and pervasive, intimidating and humiliating, and unreasonably interfered with Plaintiff's work performance, inhibited her advancement at work, and detrimentally affected her emotional and physical well-being.

19. Defendant, GPWP, knew or should have known about the subject disparate treatment and discriminatory hostile work environment on the basis of gender and race, but failed to do anything to stop or address the wrongful conduct.

20. Defendant has no legitimate, non-discriminatory justification for the adverse

actions against Plaintiff, and its asserted reason(s) for Defendant's discriminatory conduct are not the true reasons, but are instead pretext to hide Defendant's discriminatory animus on the basis of gender and race. The true motivating factor for Defendant's adverse actions against Plaintiff was Defendant's gender and racial discrimination against Plaintiff.

21. Defendant, GPWP, has violated Title VII as a result of its disparate treatment, hostile work environment and intentional discrimination against Plaintiff in the terms and conditions of her employment on the basis of her female gender and African-American race. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages in the form of past and future lost wages and benefits; lost promotional and professional opportunities; lost career advancement; lost pay/salary increases and bonuses; embarrassment, humiliation, mental anguish and emotional distress; and other economic and non-economic damages described herein or to be assigned.  Plaintiff is further entitled to all legal and equitable remedies available for violations of the Title VII, including an award of all attorney's fees and costs.

22. Defendant intentionally, wilfully and maliciously perpetrated the foregoing unlawful actions, and/or acted wantonly and with reckless disregard to Plaintiff's right to be free from such unlawful conduct.  As such, an award of punitive damages is also requested.

### Count Two
#### VIOLATION OF TITLE VII – RETALIATION

23. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 22 above.

24. During the time period at issue, Plaintiff engaged in protected activity by reporting and complaining to Defendant's managers and supervisors on numerous

occasions about the discrimination based on Plaintiff's female sex/gender and race, as described herein, with a good faith and objectively reasonable belief that the conduct was unlawful under Title VII; by exercising her federally protected rights described herein; and/or by otherwise reporting, opposing and/or complaining about wrongful conduct described herein.

25. Defendant, by and through its agents and employees, engaged in adverse employment actions and retaliated against Plaintiff for engaging in protected activity by subjecting Plaintiff to a severe and pervasive hostile work environment and terminating Plaintiff's employment, and other retaliatory acts described herein or to be assigned. The adverse/retaliatory employment actions, ratified and/or approved by Defendant, materially and adversely changed Plaintiff's overall terms and conditions of her employment.

26. Defendant's retaliatory acts and materially adverse actions against Plaintiff were a direct, proximate, and pretextual result of Plaintiff's protected activities.

27. Defendant violated Title VII as a result of its unlawful retaliation and wrongful acts against Plaintiff for engaging in protected activity. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages in the form of past and future lost wages and benefits; lost promotional and professional opportunities; lost career advancement; lost pay/salary increases and bonuses; embarrassment, humiliation, mental anguish and emotional distress; and other economic and non-economic damages described herein or to be assigned. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial, and all legal and equitable remedies available for violations of Title VII.

28. Defendant wilfully and maliciously perpetrated the foregoing intentional

discrimination, and/or acted wantonly and with reckless disregard to its wrongful actions. As such, an award of punitive damages is also requested. Pursuant to Title VII, Plaintiff also requests an award of all attorney's fees and costs.

### VI. INJURIES / DAMAGES

29. Plaintiff readopts and reasserts all allegations set forth in Paragraphs 1 through 28 above.

30. Plaintiff is entitled to an award of attorney's fees and costs, as pursuant to Title VII and other applicable Federal statutory law.

31. As a direct and proximate cause of the foregoing conduct of Defendant, Plaintiff suffered, and is entitled to recover from Defendant, the following damages:

   *(a)* Past and future lost wages and benefits, including back pay, fringe benefits and other economic damages;

   *(b)* Past and future lost promotion and career advancement;

   *(c)* Mental anguish and emotional distress, past and future;

   *(d)* Loss of enjoyment of life, loss of society, harm to personal and professional reputation, loss of career fulfillment, pain and suffering, humiliation, and embarrassment;

   *(e)* Actual and compensatory damages;

   *(f)* Incidental and consequential damages;

   *(g)* Interest damages as allowed by law;

   *(h)* Attorney's fees and costs;

   *(i)* Punitive damages; and

   *(j)* Other damages to be established.

32. Because the conduct by Defendants was intentional, willful, egregious, and/or accompanied with malice, gross negligence, and/or reckless disregard for Plaintiff's rights,

Plaintiff is entitled to punitive or exemplary damages to be assessed against Defendants over and above an award of actual damages.

## VII. REQUESTED RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Erica Waller, respectfully moves this Honorable Court for a trial by jury and to enter judgment in favor of Plaintiff against Defendant, GPWP, and John Does (1-10), in an amount as may be determined by the jury to fully compensate Plaintiff for all actual and punitive damages, plus pre- and post-judgment interest, attorney fees and all costs incurred in filing and prosecuting the subject action, and for such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 16th day of July, 2021.

             **ERICA WALLER** — *Plaintiff*

  by:  /s/ Ken R. Adcock
      Ken R. Adcock (MSB #1150)
      William C. Ivison (MSB #104213)

*of counsel:* Ken R. Adcock (MSB #1150)
      William C. Ivison (MSB #104213)
      ADCOCK & MORRISON, PLLC
      795 Woodlands Parkway, Ste. 220 (39157)
      Post Office Box 3308
      Ridgeland, Mississippi 39158
      601-898-9887 *Office* | 601-898-9860 *Fax*
      kadcock@adcockandmorrison.com
      wivison@adcockandmorrison.com